**Slip Op. 15-126**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| DESIGN INTERNATIONAL GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Nicholas Tsoucalas, Senior Judge <br><br> Court No. 14-00119 |

OPINION

[Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.]

Dated: *November 9, 2015*

John N. Politis, Politis & Politis, of Pasadena, CA for Plaintiff.

St. Lutheran Tillman, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, New York, for Defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Amy M. Rubin, Assistant Director. Of counsel on the action was Beth C. Brotman, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection, of New York, NY.

**Tsoucalas, Senior Judge:** This case is before the court on Defendant's motion to dismiss for lack of subject matter jurisdiction. See Def.'s Mem. in Supp. of its Mot. To Dismiss, ECF No. 9 (July 17, 2015)("Def.'s Br."); see also Reply Mem. in Supp. of Def.'s Mot. To Dismiss, ECF No. 13 (Sept. 3, 2015). Plaintiff, Design International Group, Inc. ("Design" or

"Plaintiff"), opposes Defendant's motion. See Pl.'s Mem. in Opp. Def.'s Mot. To Dismiss, ECF No. 10 (Aug. 10, 2015)("Pl.'s Br.").

## BACKGROUND

This action concerns two entries of pencils, Entry Nos. BKC 0138174-9 and BKC 0138213-5, made at the Port of Los Angeles/Long Beach. Compl. at ¶¶ 14-18. Plaintiff is the importer of record for these entries. Id. at ¶ 1. On June 7, 2013, U.S. Customs and Border Protection ("Customs") liquidated both entries. Id. at ¶ 2. On July 9, 2013, Design's customs broker filed Protest Nos. 2704-13-101337 and 2704-13-101339, challenging Customs' calculation of the number of pencils included in each entry and the resulting assessment of duties. Id. at ¶ 14. On August 15, 2013, Customs denied both protests. Id.

On October 10, 2013, Design's counsel filed a third protest, Protest No. 2704-13-102066. Id. at ¶ 2. This protest also challenged Customs' calculation of the number of pencils covered by Entry Nos. BKC 0138174-9 and BKC 0138213-5. See id. at ¶ 25. On November 19, 2013, Customs denied Plaintiff's protest as untimely. Id. at ¶ 4, 5.

After the denial of Design's October 10, 2013 protest, Design insisted that it timely filed its protest, and that Customs should withdraw its denial. Id. at ¶ 6. However, denial of the

protest was not withdrawn.  Id. at ¶ 7.  Instead, Customs placed Design on the sanction list for failing to pay the increased duties on the subject entries.  Id. at ¶ 7.  Customs required Design to file "live" entries, which delayed release and increased costs of shipments.  Id. at ¶ 8.  Design informed Customs that this situation was a mistake, and Customs responded that they would change the status of Design's protest from "decided" to "open" in order to remove Design from the sanctions list.  Id. at ¶ 9.

On March 10, 2014, Customs denied Design's October 10, 2013 protest again, changing the reason for denial from "Untimely filed" to "Rejected as non-protestable."  Id. at ¶ 10.  In the denial, Customs explained that "[w]e have no [j]urisdiction over this [p]rotest, since a denial of a protest is not a protestable action."  Id. at ¶ 10.

On May 16, 2014, Design filed an action in this Court challenging the denial of Protest No. 2704-13-102066.  Id. at ¶ 4.

## STANDARD OF REVIEW

"Plaintiffs carry the burden of demonstrating that jurisdiction exists." Techsnabexport, Ltd. v. United States, 16 CIT 420, 422, 795 F. Supp. 428, 432 (1992) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). In deciding a Rule 12(b)(1) motion to dismiss that does not challenge the factual

basis for the complainant's allegations, the court assumes "all factual allegations to be true and draws all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).

## DISCUSSION

In order to invoke the Court's jurisdiction under § 1581(a), a civil action must be based on the denial of a valid protest filed in accordance with 19 U.S.C. § 1514 (2012). See Koike Aronson, Inc. v. United States, 165 F.3d 906, 908–09 (Fed. Cir. 1999). Customs contends that the Court lacks subject matter jurisdiction under § 1581(a) because Design's third protest filed on October 10, 2013, Protest No. 2704-13-102066, was not a valid protest. See Def.'s Br. at 3-5. In response, Plaintiff asserts that the action was "timely commenced within 180 days of denial of protest number 2704-13-102066 in accordance with 28 U.S.C. § 1581(a) and 28 U.S.C. § 2636(a)." See Pl.'s Br. at 2.

The issue in the instant action is whether Design's protest is valid in light of the "one entry, one protest" rule outlined in 19 U.S.C. § 1514(c)(1)(D). See 19 U.S.C. § 1514(c) ("Only one protest may be filed for each entry of merchandise . . . ."). Section 1514(c)(1) generally prohibits multiple protests from being filed for the same entry of

merchandise.  Accordingly, "[w]here a plaintiff has invalidly filed a second protest, the court lacks jurisdiction to entertain plaintiff's claims." Mitel, Inc. v. United States, 16 CIT 4, 9, 782 F. Supp. 1567, 1571 (1992).

Plaintiff argues that a third protest was permitted because 19 U.S.C. § 1514(c) provides exceptions to the one protest rule, stating that "separate protests filed by different authorized persons with respect to any one category of merchandise . . . that is the subject of a protest are deemed to be part of a single protest."  Pl.'s Br. at 3 (citing 19 U.S.C. § 1514). Specifically, Plaintiff asserts that its broker and its counsel are "different authorized persons," and thus, insists that Customs violated the exceptions outlined in § 1514(c) when it failed to consolidate the third protest filed by its counsel (Protest No. 2704-13-102066), with the two previous protests filed by its broker (Protest Nos. 2704-13-101337 and 2704-13-101339).  Id. at 3-4.

The court disagrees with Plaintiff's assertions.  The exception articulated in 19 U.S.C. § 1514(c)(1) does not permit a party to file an additional protest after a previous protest has already been denied, even when one is filed by a different authorized person: "only the first protest received by Customs for filing may practicably be treated as valid." Alcan Aluminum Corp.

v. United States, 28 CIT 2067, 2068 n.2, 353 F. Supp. 2d 1374, 1375 n.2 (2004); see also id. ("Because 19 U.S.C. § 1514(c)(1) precludes the filing of two protests relating to the same entries and same category of merchandise [. . .] only the first protest received by Customs for filing may practicably be treated as valid." (citing Russ Togs, Inc. v United States, 79 Cust. Ct. 119, 122 (1977)(emphasis in original))). Furthermore, allowing an additional protest contesting an entry that was already subject to the denial of a previous protest would "allow [a] plaintiff to file an unending series of protests each protesting the previous protest denial." Wally Packaging, Inc. v. United States, 7 CIT 19, 22-23, 578 F. Supp. 1408, 1412 (1984) ("[S]ection 1514 does not permit a party to protest the denial of a protest . . . such a procedure would allow plaintiff to file an unending series of protests each protesting the previous protest denial."). Additionally, § 1514(c)(1) provides that "[n]ew grounds in support of objections raised by a valid protest or amendment thereto may be presented for consideration in connection with the review of such protest pursuant to section 1515 of this title at any time prior to the disposition of the protest in accordance with that section." 19 U.S.C. § 1514(c)(1) (emphasis added).

Here, Customs denied Protest Nos. 2704-13-101337 and 2704-13-101339 on August 15, 2013. Design's October 10, 2013 protest, Protest No. 2704-13-102066, effectively contested Customs' denial of its first two protests. As a result, Design's October 10, 2013 protest is invalid. See Alcan Aluminum Corp, 28 CIT at 2068 n.2, 353 F. Supp. 2d at 1375 n.2 (citing Russ Togs, Inc., 79 Cust. Ct. at 122 (1977)); see also Wally Packaging, Inc., 7 CIT at 22–23, 578 F. Supp. at 1412. The court therefore lacks jurisdiction to entertain Plaintiff's claims. See Mitel, Inc., 16 CIT at 9, 782 F. Supp. at 1571.

## CONCLUSION

For the reasons stated, Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. Judgment will be entered accordingly.

/s/ Nicholas Tsoucalas
**Nicholas Tsoucalas**
**Senior Judge**

**Dated**: *November 9, 2015*
**New York, New York**